```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIE THOMPSON,                                  :

                                                  :        07 Civ. 8039 (GWG)
                    Plaintiff,
       -v.-                                       :
                                                           OPINION AND ORDER
MICHAEL J. ASTRUE,                                :
Commissioner of Social Security,
                                                  :

                    Defendant.                    :
------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Willie Thompson brings this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security (the "Commissioner") denying her claim for Social Security disability benefits. The parties have consented to disposition of this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The Commissioner has moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). For the reasons stated below, the Commissioner's motion is granted.

I.      BACKGROUND

Thompson filed for disability benefits on September 13, 1999. See Administrative Record (annexed to Answer, filed Feb. 15, 2008 (Docket # 6)) ("R."), at 43-45. Her application was denied on January 13, 2000. R. 24-27. Thompson requested reconsideration, R. 28, and her claim was again denied on July 3, 2000, R. 31-33. Thompson requested a hearing before an Administrative Law Judge ("ALJ"), R. 34, and a hearing was held on February 6, 2001. R. 197-234. The ALJ granted Thompson's application in part, finding that Thompson was disabled

1

beginning July 19, 2000, R. 9-17, and Thompson appealed to the Appeals Council raising only the issue of the onset date, R. 5-8. On April 15, 2004, the Appeals Council denied her request for review. R. 2-4.

Thompson then filed suit seeking review of the Commissioner's decision. See Thompson v. Barnhart, No. 04 Civ. 3548 (SHS) (filed May 10, 2004). In a Stipulation and Order dated April 6, 2005, the parties agreed to remand the case to the Commissioner. R. 257-58. The Stipulation and Order of Remand states:

> It is hereby stipulated and agreed, by and between the attorneys for the defendant and the plaintiff, that this action be, and hereby is, remanded to the Commissioner of Social Security, pursuant to sentence four of 42 U.S.C. § 405(g), for the purpose of issuing a new administrative decision. The Clerk is directed to enter judgment.

Id. (citation omitted).

Following remand, the Appeals Council ordered, among other things, that the ALJ reevaluate Thompson's maximum residual functional capacity, reevaluate the medical testimony, and if necessary obtain vocational expert testimony. R. 259-62. The Appeals Council stated that it disagreed with the ALJ's original finding that Thompson was disabled, and concluded that "from an exertional perspective, the medical evidence of record supports a finding that, for the entire period at issue, the claimant had the residual functional capacity for more than sedentary work." R. 262.

After holding a second hearing, R. 287-335, the ALJ found that Thompson was not disabled and denied her application in its entirety in a decision dated January 27, 2006. R. 247-55. Thompson appealed the ALJ's decision to the Appeals Council, asserting that the ALJ had failed to consider properly the effect of her non-exertional limitations upon her ability to perform

2

sedentary to light work. R. 242-43. On August 27, 2007, the Appeals Council declined to hear Thompson's appeal because it found that the appeal was not timely. R. 235-41. Thompson then filed the instant action. See Complaint, filed Sept. 13, 2007 (Docket # 1).

The Commissioner has now moved for judgment on the pleadings. See Notice of Motion, filed Apr. 22, 2008 (Docket # 9); Memorandum of Law in Support of the Commissioner's Motion for Judgment on the Pleadings, filed Apr. 22, 2008 (Docket # 10); Reply Memorandum of Law in Further Support of the Commissioner's Motion for Judgment on the Pleadings, filed July 3, 2008 (Docket # 13). In response, Thompson raises two points: (1) the Commissioner exceeded the scope of remand in considering matters other than the onset date of her disability; and (2) the ALJ committed legal error in his original decision when he found an onset date of July 19, 2000. See Memorandum of Law in Opposition to Commissioner's Motion for Judgment on the Pleadings, filed May 27, 2008 (Docket # 11) ("Pl. Mem."), at 3-6.

## II. DISCUSSION

### A. Scope of the ALJ's Authority on Remand

The regulation governing agency decisions after remand from federal court provides that "[a]ny issues relating to your claim may be considered by the administrative law judge <u>whether or not they were raised in the administrative proceedings leading to the final decision in your case</u>." 20 C.F.R. § 404.983 (2008) (emphasis added). Thompson does not cite to or mention this rule. Instead, she asserts that "Courts have consistently held that the [Commissioner] lacks the authority to review other issues than those raised by the claimant in the action giving rise to the remand." Pl. Mem. at 3. In support of this proposition, Thompson cites to four cases. Id. at 3-4. One case cited by Thompson, Chrupcala v. Heckler, 829 F.2d 1269 (3d Cir. 1987), was decided

3

before the enactment of the quoted language in section 404.983. While the court in Chrupcala held that the authority of the ALJ was limited on remand, it did so only after determining that the Social Security Regulations "provide[d] no clear guidance as to the scope of issues that may be reviewed when the district court remands a case to the Secretary." Id. at 1272.[1]

In 1989, however, the rules relating to the review of cases after remand were amended, and the governing sentence, quoted above, was added to 20 C.F.R. § 404.983. See Decisions by Administrative Law Judges in Cases Remanded by the Courts, 54 Fed. Reg. 37789, 37792 (Sept. 13, 1989). The comments to the amendment reflect that the Secretary was informed of the potential "chilling effect" that the new rule might have on appeals of partially favorable decisions, but nonetheless deemed it important for the Secretary to retain the authority to consider "all of the issues." Id. at 37790-91. In light of this amendment to the Social Security Regulations, Chrupcala is no longer good law on this point. See Ruiz v. Apfel, 24 F. Supp. 2d 1045, 1050 n.7 (C.D. Cal. 1998).

The remaining cases cited by Thompson were decided after the 1989 amendment but do not govern the present case. Two of the cases involved remand orders that were specific as to what issues could be addressed by the Secretary following remand. In Ruiz, the remand order "[made] it very plain that the remand was for a limited purpose; that new evidence need not be solicited or accepted unless the ALJ deemed it helpful to his credibility analysis." Id. at 1050. In Ozbun v. Callahan, the court remanded the case for the specific purpose of obtaining further

---

[1] Notably, Chrupcala did not hold that the Commissioner was absolutely barred from revisiting issues not raised in an appeal. Rather, it held that notice of the Commissioner's intent to revisit those issues must be given within sixty days of the ALJ's decision. 829 F.2d at 1273-74.

testimony from the vocational expert. 968 F. Supp. 478, 479-80 (S.D. Iowa 1997). These cases are consistent with the unremarkable proposition that district courts have the power to limit the scope of remand by specifying the actions to be taken by the ALJ. See, e.g., Sullivan v. Hudson, 490 U.S. 877, 885 (1989) ("[T]he district court's remand order will often include detailed instructions concerning the scope of the remand . . . . Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review."); Ischay v. Barnhart, 383 F. Supp. 2d 1199, 1214-18 (C.D. Cal. 2005) ("ALJs have acknowledged throughout the years that the remand instructions they receive from the federal district court are the law of the case.") (emphasis omitted) (citing Holst v. Bowen, 637 F. Supp. 145, 147 n.3 (E.D. Wash. 1986)). Similarly, the Commissioner is implicitly limited by any findings of the district court regarding the application for disability benefits. Brachtel v. Apfel, 132 F.3d 417, 419-20 (8th Cir. 1997); Key v. Sullivan, 925 F.2d 1056, 1061 (7th Cir. 1991); Ischay v. Barnhart, 383 F. Supp. 2d at 1219 n.9. Here, the Stipulation and Order of Remand contains no limitation of the issues to be reviewed on remand. See R. 257-58. Nor had any findings been made in the case prior to remand, as the case had progressed no further than the filing of a Complaint and Answer.

In the remaining case cited by Thompson, Moreira v. Commissioner of Social Security, 2007 WL 4410043 (E.D.N.Y. Dec. 14, 2007), the order of remand had not explicitly limited the scope of remand. Id. at *1. Nonetheless, the court found that a limitation was implicit because the order remanding the case had noted that the Commissioner "candidly conceded [that] the Administrative Law Judge had erred in determining [the] onset date" and had stated that the case was remanded "for further proceedings in accordance with this Memorandum and Order." Id.

Moreira is thus consistent with the case law holding that courts have power to limit the scope of a remand. Here, of course, there was nothing in the order of remand – or in any of the proceedings that occurred prior to the order of remand – that suggested any limitation on the scope of the remand or on the Commissioner's authority to follow section 404.983.

Case law recognizes that, in the absence of limiting instructions or court findings, the Commissioner may revisit on remand any issues relating to the application for disability benefits. See Wiltz v. Comm'r of Soc. Sec., 412 F. Supp. 2d 601, 609-10 (E.D. Tex. 2005) (citing Muse v. Sullivan, 925 F.2d 785, 790 (5th Cir. 1991)). The governing regulation explicitly states this. 20 C.F.R. § 404.983. Accordingly, without some indication that the stipulation of remand was intended to limit this authority, this Court is constrained to construe it according to its terms and to follow the dictates of section 404.983. As one case has noted, "where an issue is not precluded by the remand order or the judgment of the court in the prior judicial review, that issue may be decided differently . . . on remand if the Commissioner applies the correct legal standard and substantial evidence in the record as a whole supports the decision." Lucas v. Astrue, 2008 WL 474286 at *4 (D. Kan. Jan. 29, 2008) (citation omitted).

Ample case law upholds the power of the Appeal Council to act in an analogous manner where a claimant administratively appeals a partially favorable decision. See Gronda v. Sec'y of Health & Human Servs., 856 F.2d 36, 38-39 (6th Cir. 1988) (upholding against due process challenge review by the Appeals Council of the entire ALJ decision rather than only the portion appealed); Houston v. Sullivan, 895 F.2d 1012, 1015 (5th Cir. 1989) (Appeals Council "had the discretion to review any issue."). While cases differ as to whether governing regulations require the Appeals Council to give notice of its intent to review the entire decision, see Ciccone v.

6

Apfel, 38 F. Supp. 2d 224, 227-228 (E.D.N.Y. 1999) (citing cases), this Court is unaware of any case law questioning its power to do so where notice is given. Here, Thompson was represented by counsel throughout all the administrative and federal court proceedings, and the governing regulation provided unequivocal notice that the entire decision could be reviewed following a remand, including those issues not raised in the first administrative proceedings. While it is certainly unfortunate that Thompson's effort to appeal a partially favorable decision ultimately resulted in a completely unfavorable decision, that potential outcome is specifically contemplated by regulation and such a result has been upheld by other courts confronting the analogous situation of appeals of partially favorable ALJ decisions to the Appeals Council.

      B.      <u>Thompson's Challenge to the Original Decision</u>

Thompson argues that the ALJ's first decision, finding her to be disabled on but not prior to July 19, 2000, was erroneous. <u>See</u> Pl. Mem. at 4-6. The only issue before this court, however, is the validity of the Commissioner's final decision, rendered in 2006. 42 U.S.C. § 405(g) (permitting judicial review of a "final decision" of the Commissioner); <u>Califano v. Sanders</u>, 430 U.S. 99, 108 (1977) (Section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the [Commissioner] made after a hearing.'"). In <u>Califano v. Sanders</u>, the Supreme Court noted that Congress' decision to limit judicial review in this manner was "a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims." <u>Id.</u> The ALJ's first decision was vacated by the Appeals Council when it remanded Thompson's case to the ALJ for a new hearing. <u>See</u> R. 261-62. It is thus no longer in effect and

cannot be reviewed.[2]

III. CONCLUSION

The Commissioner's motion for judgment on the pleadings (Docket # 9) is granted. The Clerk is requested to enter judgment dismissing the complaint.

SO ORDERED.

Dated: October 14, 2008
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

David M. Wagner
Freedman, Wagner, Tabakman & Weiss
130 North Main Street
New City, NY 10956

Susan D. Baird
Assistant United States Attorney
86 Chambers St., 3rd floor
New York, NY 10007

---

[2] Thompson makes no argument that the 2006 decision is not supported by substantial evidence. While her brief states that "[a]s shown below, substantial evidence of record supports the plaintiff's claim that she was disabled," see Pl. Mem. at 1, the only argument Thompson makes regarding evidence in the record relates to the first decision.

cannot be reviewed.[2]

III. CONCLUSION

The Commissioner's motion for judgment on the pleadings (Docket # 9) is granted. The Clerk is requested to enter judgment dismissing the complaint.

SO ORDERED.

Dated: October 14, 2008
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

David M. Wagner
Freedman, Wagner, Tabakman & Weiss
130 North Main Street
New City, NY 10956

Susan D. Baird
Assistant United States Attorney
86 Chambers St., 3rd floor
New York, NY 10007

---

[2] Thompson makes no argument that the 2006 decision is not supported by substantial evidence. While her brief states that "[a]s shown below, substantial evidence of record supports the plaintiff's claim that she was disabled," see Pl. Mem. at 1, the only argument Thompson makes regarding evidence in the record relates to the first decision.

8